UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN A. SAPATANGA DUMAGUALA, Petitioner, v. DAVID WESLING et al., Respondents. | Civil No. 26-13927-LTS |

MEMORANDUM AND ORDER ON
PETITION FOR WRIT OF HABEAS CORPUS (DOC. NO. 1)

September 22, 2026

SOROKIN, J.

Edwin A. Sapatanga Dumaguala, a citizen of Ecuador, filed a petition for a writ of habeas corpus challenging his immigration detention. Doc. No. 1. For the reasons stated below, the petition is DENIED.

In 2018, Sapatanga Dumaguala was found inadmissible and was removed. Doc. No. 1 ¶ 14; Doc. Nos. 8-1, -2; Doc. No. 12-2 ¶¶ 7–9. At an unknown time and place, he reentered the United States. Doc. No. 1 ¶¶ 15–16; see also Doc. No. 12-2 ¶¶ 10–13 (stating petitioner has been removed twice, once in 2018 and once in 2021).

On August 26, 2026, ICE arrested Sapatanga Dumaguala in Framingham, Massachusetts, while he was driving a work van with a few other individuals. Doc. No. 1 ¶ 17; see also Doc. No. 12-2 ¶¶ 13–14. Sapatanga Dumaguala was not the original target of ICE's operation that day. Doc. No. 12-2 ¶ 13. The detention officer who arrested him attests that the officer "noticed that there was a Chevrolet Express work van following and convening with the target vehicle,"

and that when agents stopped the target vehicle, "the occupants in the white Chevrolet Express Van observed [Enforcement and Removal Operations] Agents execute the vehicle stop on the suspected target vehicle hidden behind the Dollar Tree and quickly accelerated attempting to exit the parking lot." Id. The officer then stopped the Chevrolet work van. Id. The officer's decision to stop the van was, he attests, informed by his "investigative experiences as an immigration officer," his "know[ledge]" that "this type of van commonly transports [noncitizens] without status to work," and "the fact the vehicle attempted to flee when it saw ICE agents stop the target vehicle." Id.

Sapatanga Dumaguala was one of the Chevrolet work van's occupants, and he identified himself to the officers. Id. The officer declares, under penalty of perjury, that he then "review[ed] [Sapatanga Dumaguala's] immigration history." Id. ¶ 14. The officer then "executed a warrantless arrest" of Sapatanga Dumaguala. Id.; see also Doc. No. 1 ¶¶ 17, 19. The officer attests that he arrested Sapatanga Dumaguala "out of fear that [he] had the means to abscond." Doc. No. 12-2 ¶ 14.

Later on the day of his arrest, the respondents issued a Form I-871, reinstating Sapatanga Dumaguala's 2018 final order of removal, as well as a Form 205, an administrative warrant of removal.[1] Doc. Nos. 8-3, -4. The same day, Sapatanga Dumaguala filed the instant petition for a writ of habeas corpus. Doc. No. 1.

---

[1] The respondents' submissions do not identify the time these forms were issued and completed, despite the Court's order directing them to submit "the date, time, and location when and where these forms were issued and completed." Doc. No. 11 (emphasis added). The Court nevertheless draws the reasonable inference that the forms were issued after Sapatanga Dumaguala's arrest. It draws that inference from, among other things, the fact that Sapatanga Dumaguala was not the target of ICE's operation on August 26, 2026, and the fact that he was arrested without a warrant.

Sapatanga Dumaguala's petition asserts that, at the time of his arrest, officers lacked probable cause to believe he was unlawfully present in the United States or that he was likely to escape before a warrant could be obtained, in violation of 8 U.S.C. § 1357(a)(2) and the Fourth Amendment. Doc. No. 1 ¶¶ 31–41; see also, e.g., Morales v. Chadbourne, 793 F.3d 208, 216 (1st Cir. 2015) (probable cause standard). He maintains that this allegedly unlawful arrest entitles him to release or a bond hearing. See Doc. Nos. 1, 10.

Respondents opposed this request for relief, arguing Sapatanga Dumaguala is subject to mandatory detention under 8 U.S.C. § 1231 because he is subject to a final order of removal and ICE "is detaining [him] for the purpose of effectuating such removal." Doc. No. 8. They further contend that release in habeas is not the appropriate remedy for an allegedly unlawful arrest. Id.

After reviewing the parties' initial submissions, the Court ordered the respondents to produce additional records, including "any other records created in connection with the arrest." Doc. No. 11. The Court has reviewed that supplemental submission and Sapatanga Dumaguala's reply thereto. Doc. Nos. 12, 13. The respondents' supplemental submission includes two documents: (1) a Form I-229A, Doc. No. 12-1,[2] and (2) the declaration of the arresting deportation officer, whose contents the Court described above, Doc. No. 12-2. It contains no other records related to the arrest, such as body-worn camera footage or a narrative police report. In light of the Court's order to submit "any other records created in connection with the arrest," the Court views the respondents' failure to submit any other records as a representation that the

[2] The submitted Form I-229A identifies a person other than Sapatanga Dumaguala. Doc. No. 12-1; see also Doc. No. 13 at 3 (noting this error). Under the circumstances of this case, however, this error is not material.

United States Attorney's Office (or its clients, the respondents) conducted a diligent, reasonable search under the circumstances and that the search produced no additional responsive records.[3]

An immigration officer may conduct a warrantless arrest under certain limited circumstances, including when the officer has probable cause to believe the person (1) "is in the United States in violation of any [immigration] law or regulation" and (2) "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); Morales, 793 F.3d at 216. Whether the deportation officer had probable cause to believe Sapatanga Dumaguala was "likely to escape before a warrant [could] be obtained," as the law requires, is a somewhat close question. The officer attests he reviewed Sapatanga Dumaguala's immigration status before arresting him, meaning he knew before the arrest that Sapatanga Dumaguala was subject to a prior removal order. In general, unlawful presence cannot alone supply probable cause to believe a person is likely to escape, or else the two requirements of § 1357(a)(2) would collapse into one. Here, though, the officer attests he had seen the work van attempt to flee, and the existence of a final order of removal may be one factor in the likelihood-to-escape analysis.

The Court need not definitively resolve the potentially difficult question of the arrest's lawfulness. Even assuming (without deciding) that Sapatanga Dumaguala's arrest violated 8 U.S.C. § 1357(a)(2) or the Fourth Amendment, habeas relief is unavailable under the particular circumstances of this case.

Relief is available in habeas when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Sapatanga Dumaguala is subject to mandatory detention under 8 U.S.C. § 1231 due to the reinstatement of a

[3] Of course, if this inference is incorrect, the Court expects that counsel for the respondents would further supplement with the responsive records pursuant to the Court's order.

final order of removal, a circumstance he does not dispute here. See Doc. Nos. 1, 8-1 to -5, 10, 13. Of course, "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest . . . occurred." I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1039–49 (1984). Moreover, Sapatanga Dumaguala's prior removal order was reinstated on the same day he was arrested. Doc. No. 8-3; Doc. No. 12-2 ¶ 15. The basis for his detention—the reinstated removal order—was thus established (and documents showing that basis provided to him) on the day of his arrest, Doc. No. 8-3; it was not a post hoc rationalization of his detention adduced for the first time during litigation. Cf., e.g., Diaz-Velosa v. Delaney Hall Det. Facility Warden, No. 26-cv-04197-ESK, 2026 WL 1244932, at *2 (D.N.J. May 6, 2026). Sapatanga Dumaguala has been detained for less than one month. Doc. No. 1. He was recently referred to U.S. Citizenship and Immigration Services for the scheduling of a reasonable-fear interview. Doc. No. 12-2 ¶ 16. Although he is apprehensive that the government may seek to remove him while his fear claim is being adjudicated, Doc. No. 10 at 8, at present, he provides no basis to conclude that the government is proceeding in that improper manner.

In short, Petitioner's habeas petition does not establish a basis to conclude that his present custody violates the Constitution or governing laws. 28 U.S.C. § 2241(c)(3). Petitioner may have other avenues to remedy his allegedly unlawful arrest, but—on these facts—release through a writ of habeas corpus is not among them. See Arias v. Rogers, 676 F.2d 1139, 1142, 1144 (7th Cir. 1982) (explaining that "[i]f the petitioners had been arrested illegally . . . and carted off to jail and the INS had made no move to begin deportation proceedings, the petitioners would have been entitled to obtain their freedom through a habeas corpus proceeding" but when "[deportation] proceedings are begun with reasonable promptness after the [noncitizen's] arrest,"

habeas relief is not available and petitioner's relief lies in the immigration proceedings or "a civil rights damages action"); see also, e.g., Firmino Da Silva v. Noem, No. 1:26-cv-00072-RDA-LRV, 2026 WL 560338, at *3 (E.D. Va. Feb. 25, 2026); Ramos Par v. Jamison, No. 26-cv-03504-MRP, 2026 WL 1603299, at *4 (E.D. Pa. June 4, 2026).

For all these reasons, the petition for a writ of habeas corpus (Doc. No. 1) is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge